LOUIS FUKARE, DEFENDANT IN ERROR, v. H. S. KERBAUGH, INCORPORATED, PLAINTIFF IN ERROR.

Submitted March 27th, 1905—Decided July 5th, 1905.

1. When a master has furnished reasonably suitable material in sufficient quantities for the building of a movable platform, to be used in connection with the construction of a railroad embankment, and which platform was built by the gang of men employed in constructing the embankment as part of that work, he has fulfilled his duty towards those workmen, and one of them injured by the falling of the platform cannot recover as for any negligence of the master.
2. That the material furnished was reasonably suitable is proved by evidence that similar material had been safely used for several months upon this work and for a long time upon other similar works.

On error to the Supreme Court.

For the plaintiff in error, *John F. Harned.*

For the defendant in error, *Willard P. Voorhees.*

The opinion of the court was delivered by

GARRETSON, J.   Fukare recovered a judgment for damages for personal injuries against Kerbaugh. Kerbaugh brings a writ of error.

Fukare was one of a gang of men in the employ of Kerbaugh, engaged in the construction of a railroad embankment. The embankment was constructed in this way: A trestle was erected by connecting several bents of timber by stringers upon the top of them; across the stringers were laid ties, and upon the ties, rails. Dirt cars were run upon these rails and the loads of dirt dumped sidewise in and about the trestle so as to form the embankment. In order to enable the convenient dumping of the cars a platform was constructed so as to be at the side of the cars when dumped, and upon which the men might stand and lift up one side of the car with crowbars, and so dump it; the platform was made by putting hemlock timbers, four inches by four and eight feet long, under the rails and wedging them, one end being wedged under one rail and the timber passing under the other rail and projecting beyond it some three feet, and upon the projecting part of these timbers planks were laid side by side. The planks were fourteen feet long and three or four were laid side by side. As the railroad embankment was completed the platform was moved along the trestle work and erected in continuation. Several hundred feet had been built in this way. The platform was erected by the men there employed, with the materials mentioned furnished by Kerbaugh. Fukare was injured by a fall which he had because of the breaking of one or more of the timbers upon which were the planks on which he was standing and assisting in dumping a dirt car by using a crowbar and pulling down on it. There is no cause shown for the breaking of the timber. The same sort and dimension of timber, and the same method of construction, had been used for some months upon this very work for the purpose of this platform, and had for a very considerable time been used by the defendant upon other similar work for a like purpose without any accident happening. The plaintiff was one of the gang of men engaged in the common service of constructing the embankment and the building of the platform was one of the incidents of that construction. Proper and sufficient materials had been furnished for that construction.

The duty of the master, in this connection, was to use reasonable care that proper material in sufficient quantities for the construction of this platform be provided, and there being nothing in the evidence to show that there was any failure on his part in this respect the plaintiff has failed to make out a case for a recovery.

The evidence of an expert, who testified from knowledge and information derived after the accident, that if the supporting timbers had been placed closer together the platform could not have broken, can have no force against the evidence that the platform which collapsed had been constructed upon a plan and with like materials used for a long time without accident.

It is in evidence in the case that one McDonald, a carpenter employed by the defendant in the construction of the trestle work of this embankment, put in the scaffolding at the commencement; that he made it of the materials there provided and of. the same plan as previously used on the works. There is nothing in the evidence to show that McDonald, as to the platform that fell, was the agent of the defendant to provide a safe place for the men to work, or that he was other than a fellow workman with the plaintiff, and he expressly testified that generally the dump men put up the scaffold themselves, and that upon this work, when the part of the embankment where the scaffold was first erected was filled up, the men themselves constructed the scaffold afterwards from the timber supplied by the defendant.

The rule of liability under circumstances similar to the above is established in the cases of *Olsen* v. *Nixon*, 32 *Vroom* 671, and *Pfeiffer* v. *Dialogue*, 35 *Id.* 707.

The judgment below is reversed.

*For affirmance*—PITNEY, BOGERT, VROOM.    3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, GARRETSON, SWAYZE, VREDENBURGH, GREEN.    8.